UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

WILLIE E. TATE                                                                                                  PLAINTIFF

V.                                                                      CIVIL ACTION NO.4:05CV232-WAP-JAD

"UNKNOWN" WILTSHIRE                                                                              DEFENDANT

## REPORT AND RECOMMENDATION

Willie E. Tate filed this action against Officer Chad Wiltshire alleging excessive force during the course of his arrest. Wiltshire has moved for summary judgment.

## SUMMARY JUDGMENT STANDARDS

Summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56(c). Rule 56(e) Fed.R.Civ.P. requires that materials supporting or opposing the motion be admissible at trial. Material that would be inadmissible cannot be considered on a motion for summary judgment since it would not establish a genuine issue of material fact.

Summary judgment is proper "where a party fails to establish the existence of an element essential to his case and on which he bears the burden of proof. A complete failure of proof on an essential element renders all other facts immaterial because there is no longer a genuine issue of material fact." *Washington v. Armstrong World Indus.*, 839 F.2d 1121, 1122 (5th Cir.1988) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265(1986) If the party with the burden of proof cannot produce any summary judgment evidence on an essential element of his claim, summary judgment is required. *Geiserman v. MacDonald,* 893 F.2d 787, 793(5th Cir. 1990).

The moving party must make an initial showing that there is no dispute of material fact or that there is a failure of proof of an element of the claim. If this showing is made, the non-movant must go beyond pleadings and submit specific evidence showing that there are one or more genuine issues of fact to be resolved by trial. In the absence of proof, the court does not "assume that the

nonmoving party could or would prove the necessary facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)(emphasis omitted). While all facts are considered in favor of the non-moving party, including all reasonable inferences therefrom, *Banc One Capital Partners Corp. v. Kneipper*, 67 F.3d 1187, 1198 (5th Cir. 1995), the nonmovant's burden, "is not satisfied with 'some metaphysical doubt as to the material facts,' *Matsushita,* 475 U.S. at 586, 106 S. Ct. at 1356, by 'conclusory allegations,' *Lujan,* 497 U.S. at 871-73, 110 S.Ct. at 3180, by "unsubstantiated assertions," *Hopper v. Frank,* 16 F.3d 92 (5th Cir.1994), or by only a "scintilla" of evidence, *Davis v. Chevron U.S.A., Inc.,* 14 F.3d 1082 (5th Cir.1994)." *Little v. Liquid Air Corp.* at 1075.[1] Summary judgment is appropriate if "critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant." *Armstrong v. City of Dallas,* 997 F.2d 62 (5th Cir.1993). If the nonmoving party fails to meet this burden, the motion for summary judgment must be granted.

These standards have been applied in evaluating the evidence of record in support of and opposition to the motion for summary judgment.

## ANALYSIS

In 1985 when Willie Tate was nineteen years old he was shot in the left shoulder. Twenty years later on September 8, 2005, Tate was arrested by Officer Chad Wiltshire and other officers with the Greenwood Police Department at his residence. The police were acting on the report of a violent crime. While Tate denied any involvement in the crime the facts of the crime are otherwise undisputed. According to the police report a neighbor of Tate's reported being robbed, beaten, stabbed in the throat, and bound up by her assailant. The attacker, whom she identified as Tate, threatened to kill her. Later believing that she would not be found for days, the attacker left the victim bleeding and bound in her bedroom. She was nevertheless able to alert the police. The scene

---

[1] Quoting from *Matsushita Electric Indus.Co. v. Zenith Radio Corp.,* 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed. 2d 538(1986) and *Lujan v. National Wildlife Federation*, 497 U.S. 871, 110 S.Ct. 3177, 111L.Ed.2d 695(1990).

2

was bloody and the victim found bound by responding officer. The Greenwood Police were therefore attempting to locate and arrest a man suspected of a violent, serious attack.

For his part, Willie Tate admits that he knew the police were looking for him. When they arrived at the residence, he yelled at them that he was in his bedroom and to come get him there. According to Tate he was sitting on the edge of the bed when multiple officers entered the room with their weapons drawn. The officers yelled at Tate to lay down across the bed on his stomach. Tate complied. Wiltshire according to Tate put a knee in his back and handcuffed his arms behind his back. According to Tate he 'hollered' before his hands were cuffed in anticipation that being cuffed would be painful and he 'hollered' in pain after his hands were cuffed. He does not allege nor did he testify during his deposition that he told Wiltshire or any of the officers present about his pre-existing shoulder injury. Tate claims that the police response to his yelling in pain was a comment by an unidentified black officer that Tate wasn't hollering when he beat up that white woman.

Tate admits that he did not know Wiltshire and had no dealings with him prior to his arrest. He made a point in his deposition to claim that he did not voice any complaints of pain or injury to Wiltshire during transport to the police station or during transfer to an interview with police detectives. When another officer suggested that Wiltshire should loosen Tate's cuffs, Wiltshire did so. Tate again made no complaints to Wiltshire during his transport to the county jail. He complained to a nurse at the county jail of being in pain.

In order for Tate to prove a claim of excessive force under §1983, he must "(1) an injury which (2) resulted directly and only from the use of force that was (3) objectively unreasonable. *Ballard v. Burton*, 444 F.3d.391,402 (5th Cir. 2006). Tate alleges that his shoulder injury was aggravated as a result of the force used against him during his arrest. Tate's complaint is not the Wiltshire used excessive force generally, but rather that Wiltshire was too rough considering the prior injury. Tate has never suggested that the force used against him would have caused any injury if his shoulder and arm were not already damaged. Since Tate's complaint is that the force was excessive only because of the pre-existing shoulder injury, it is necessary to show Wiltshire's actual

3

knowledge of this shoulder injury in order to show that his use of force was objectively unreasonable. This necessary proof is missing from the record. Tate makes general allegations in his deposition testimony that "They knew me. They knew my history," but admits that he does not know if Wiltshire had any knowledge of his shoulder condition prior to the arrest. Tate admittedly did not advise Wiltshire of the shoulder condition at the time of the arrest, nor immediately after his arrest. There is a failure of proof sufficient to establish the claim Tate makes of excessive force on issues for which he bears the burden of proof. Therefore the undersigned recommends that the motion for summary judgment be granted and this action dismissed with prejudice.

The parties are referred to 28 U.S.C. 636(b)(1) and Local Rule 72.2(D) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations. Objections are required to be in writing and must be filed within ten days of this date. Failure to file written objections to the proposed finding and recommendations contained in this report within ten days from the date of filing will bar an aggrieved party from challenging on appeal both the proposed factual findings and the proposed legal conclusions accepted by the district court *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Plaintiff is directed to acknowledge receipt of this report and recommendation by signing the enclosed acknowledgment form and returning it to the court within ten days of this date. Plaintiff is warned that failure to comply with the requirements of this paragraph may lead to the dismissal of this lawsuit under F.R.Civ.P. 41(b) for failure to prosecute and for failure to comply with an order of the court.

SO ORDERED this the 27th day of July, 2007.

                                            /s/ JERRY A. DAVIS
                                            UNITED STATES MAGISTRATE JUDGE